UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BRENDA STOKELY, CHUCK MOHAN, and        MEMORANDUM DECISION
GLORIA JACKSON,                                   AND ORDER
                                                                    05 Civ. 2051 (GBD)

                        Plaintiffs,

         -against-

RAGLAN GEORGE, JR., individually and as
Executive Director of District Council 1707,
AFSCME, AFL-CIO, and DISTRICT COUNSEL 1707,
AFSCME, AFL-CIO,

                       Defendants.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

      Plaintiff Brenda Stokely, former president of District Counsel 1707 of the American Federation of State, County and Municipal Employees, AFL-CIO ("DC 1707"), and DC 1707 members Chuck Mohan and Gloria Jackson (collectively "Plaintiffs"), made an application for attorneys' fees and costs incurred in prosecuting the above-captioned matter. The application was referred to Magistrate Judge Pitman for a Report and Recommendation ("Report"). Magistrate Judge Pitman recommended that the application be granted and that attorneys' fees and costs be awarded in the amount of $44,535.25. Plaintiff is awarded attorneys' fees and costs in the amount of $40,535.25.

## BACKGROUND

      Plaintiffs brought this action against DC 1707 and its Executive Director (collectively "Defendants"), alleging that she was removed as DC 1707's president in violation of Section 101(a) of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §

411(a), and Section 301 of the Labor Management Reporting Act ("LMRA"), 29 U.S.C. § 185.

In January 2004, after Stokely was laid-off from her former full-time job, DC 1707's Executive Board voted to give her a stipend in an amount equaling 60% of her former salary. A year later, in January 2005, the DC 1707 Executive Director removed Stokely from the office of president because, according to Defendants, the DC 1707 Constitution prohibits a salaried DC 1707 employee from serving as an officer. Stokely claimed that her removal from office was in retaliation for her outspoken criticism of the Executive Director.

At the same time Plaintiffs commenced this action, Plaintiffs applied to this Court for a preliminary injunction directing that Stokely be reinstated as DC 1707's president. At a hearing on Plaintiffs' application, this Court found that the DC 1707 Constitution did not prohibit Stokely from remaining in office, and this Court issued a preliminary injunction directing that Stokely be reinstated as DC 1707's president. Stokely's term expired two months later and she was not re-elected, rendering further injunctive relief moot. In addition, Plaintiffs withdrew their claim for monetary damages. Plaintiffs then made an application for attorneys' fees and costs incurred in seeking Stokely's reinstatement.

Magistrate Judge Pitman recommended that Plaintiffs' request for attorneys' fees be granted because in initiating this litigation, Plaintiffs conferred a common benefit on DC 1707's members by enforcing the right of union members to choose their own president. Using the "lodestar" method to compute Plaintiffs' reasonable attorneys' fees, and after determining that the hours spent on this matter and rates charged by Plaintiffs' attorneys were reasonable, Magistrate Judge Pitman recommended that Plaintiffs be awarded $43,985.00 in attorneys' fees and $550.25 in costs.

Defendants filed timely objections to the Report. Defendants objected to the Report's finding that by initiating this litigation, Plaintiffs conferred a common benefit on DC 1707's members by enforcing union members' right to choose their own president. Defendants contend that because there was no finding that Defendants violated the LMRDA, Plaintiffs could not have conferred a substantial benefit on DC 1707's members by enforcing members' rights under that statute. Defendants also objected to the Report's finding that Plaintiffs' abandonment of their damages claim, which mooted the controversy and precluded a final adjudication on the merits, did not bar the recovery of attorneys' fees. Finally, Defendants object to Magistrate Judge Pitman's refusal to eliminate the fees of attorney Louie Nikolaidis, to reduce the fee award for the time Plaintiffs' attorneys spent on clerical or ministerial tasks, and to reduce the award based on the limited success of the litigation.

## STANDARD OF REVIEW

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; Rivera v. Barnhart, 432 F.Supp.2d 271, 273 (S.D.N.Y. 2006). The Court is not required to conduct a *de novo* hearing on the matter. United States v. Raddatz, 447 U.S. 667, 676 (1980). "It is sufficient that the district court arrive at its own, independent conclusion about those portions of the magistrate's report to which objection is made . . . ." Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). Thus, the Court is obligated to exercise "sound judicial

discretion with respect to whether reliance should be placed on [the magistrate judge's] findings." Am. Express Int'l Banking Corp. v. Sabet, 512 F.Supp. 472, 473 (S.D.N.Y.1981), aff'd, 697 F.2d 287 (2d Cir. 1982).  The Court, however, "may adopt the uncontested portions of the report unless they show clear error."  La Barbera v. A.F.C. Enterprises, Inc., 402 F.Supp.2d 474, 476-77 (S.D.N.Y. 2005) (citations omitted).  This Court has considered Defendants' objections to the Report and finds them to be without merit.

## COMMON BENEFIT DOCTRINE

"Generally, courts may not award attorneys' fees to a prevailing party absent statutory or contractual authority."  Amalgamated Clothing and Textile Workers Union v. Wall-Mart Stores, Inc., 54 F.3d 69, 71 (2d Cir. 1994) (citation omitted).  One exception to the general rule, however, is the "common benefit" theory.  Id.  Under this theory, "a prevailing party [may] obtain reimbursement of attorneys' fees in cases where the litigation has conferred a substantial benefit on the members of an ascertainable class and where it is possible to spread the costs proportionately among the members of the class."  Id. (citation and internal quotation marks omitted).  And while it is true that "[u]nion members who succeed in vindicating rights guaranteed by Section 101 of the LMRDA may recover attorney's fees" under the common benefit doctrine, Local Union 38, Sheet Metal Workers' Int'l Ass'n v. Pelella, 350 F.3d 72, 90 (2d Cir. 2003), it is not true that the absence of a LMRDA violation precludes such an award. Rather, the "[a]pplication of the [common benefit] doctrine is not predicated upon the type of action sustained, but depends instead on the equitable circumstances of each case."  Polonski v.

Trump Taj Mahal Assocs., 137 F.3d 139, 145 (3d Cir. 1998).

Under the circumstances of this case, the equities weigh in favor of awarding attorneys' fees to Plaintiffs. The DC 1707 Executive Board and Executive Director voted to give Stokely a stipend when Stokely lost her job. No one questioned whether paying Stokely a stipend violated the DC 1707 Constitution. In was not until a year later did it suddenly "come to [the Executive Director's] attention" that her receipt of a stipend might preclude Stokely from continuing as president of DC 1707. After her removal, Stokely filed this action and immediately sought an injunction reinstating her as president. Although the Court did not reach the question of whether Stokely's removal violated the LMRDA, the Court ordered that Stokely be reinstated as president because her receipt of a stipend did not violate the DC 1707 Constitution.

Thus, Stokely's reinstatement remedied her wrongful removal from office. Whether she was reinstated because the Defendants violated the LMRDA or because her removal violated the DC 1707 Constitution, she was reinstated and her reinstatement effected a substantial benefit on the members of DC 1707—namely, it enforced all DC 1707 members' right to elect their union officials, and the right not to have those elected officials arbitrarily removed from office before the expiration of their term. Moreover, it matters little that Stokely might have been motivated by her own desire to retain elected office. In vindicating her rights and winning reinstatement, she "contributed to the preservation of union democracy" and, notwithstanding her personal motivations, "rendered a substantial service to [her] union as an institution and to all its members." Pawlak v. Greenawalt, 713 F.2d 972, 980 (3d Cir. 1983) (citing Hall v. Cole, 412 U.S. 1, 8 (1973)). Therefore, the equitable circumstances of this case warrant an award of attorneys' fees.

Defendants maintain that Plaintiffs merely enforced the DC 1707 Constitution and merely enforcing a union's constitution is not a substantial benefit, relying on <u>Local 317, Nat'l Post Office Mail Handlers, Watchmen, Messengers and Group Leaders Div. of Laborers' etc. v. Nat'l Post Office Mail Handlers, etc.</u>, 696 F.2d 1300, 1303 (11th Cir. 1983) (stating that the court did "not perceive" enforcing the union's constitution to "be a benefit substantial enough to warrant fee shifting"). There, the local union sued the national union to prevent the national union from splitting the local union into four separate unions. <u>Id</u>. at 1301. Thus, because the local union brought suit itself on behalf of its members, all the members bore the cost of litigation and there was no need to "spread the costs proportionately among the members of the class." <u>Amalgamated Clothing</u>, 54 F.3d at 71. Here, by contrast, Plaintiffs alone bore the cost of the litigation, and in successfully winning Stokely's reinstatement, conferred a substantial benefit on all the union's members.

Moreover, an award of attorneys' fees here is not precluded because the case never reached a final judgment on the merits. In deciding whether attorneys' fees are appropriate in a particular case, "the relevant inquiry is not into the technical posture of the litigation, but whether it 'has conferred a substantial benefit on the members of an ascertainable class.'" <u>Yablonski v. United Mine Workers of America</u>, 466 F.2d 424, 431 (D.C. Cir. 1973) (citing <u>Mills v. Electric Automobile-Lite Co.</u>, 396 U.S. 375 (1970)) (holding that it "was not decisive that [the suits] never got beyond the issuance of preliminary injunctions" because "the preliminary injunction[s] were the critical step and procured all the relief required"); see also <u>Reiser v. Del Monte Properties Co.</u>, 605 F.2d 1135, 1140 n.4 (9th Cir. 1979) ("It is not necessary to an award of attorneys' fees that a suit be litigated on the merits.").

Here, the issuance of the preliminary injunction was the "critical step" in returning Stokely to her elected office and righting the wrong of her improper removal. The preliminary injunction is also what conferred upon the union membership the substantial benefit of having their right to vote enforced. As such, an award of attorneys' fees is appropriate despite the fact that this case never reached a final decision on the merits.

Defendants final argument against the award of attorneys' fees is that Stokely misled the Court when she represented that she was not an employee of DC 1707. Stokely's representation that she was not a salaried employee of DC 1707 was completely consistent with facts. As this Court noted during argument on the preliminary injunction application, Stokely: "did not have a salaried position with the union. She had no job title with the union. She had no responsibilities with the union for which an employee would be paid, for which the union either prior to that time or after that time designated as a job with the union." (Transcript of Proceedings, March 3, 2005, at 68-69). In addition, and contrary to Defendants' contention, Stokely's application for unemployment benefits does not prove that she was an employee; rather, one who is seeking unemployment benefits is, by definition, *not* employed. Accordingly, Stokely did not mislead the Court and is not precluded from recovering attorneys' fees.

## CALCULATION OF ATTORNEYS' FEES

"In determining reasonable attorneys' fees, a district court must calculate a lodestar figure based upon the number of hours reasonably expended by counsel on the litigation multiplied by a reasonable hourly rate." Reiter v. MTA New York City Transit Authority, 457 F.3d 224, 232 (2d

Case 1:05-cv-02051-GBD-HBP   Document 41   Filed 09/28/06   Page 8 of 10

Cir. 2006) (citation omitted). To calculate the reasonable hours expended, "the prevailing party's fee application must be supported by contemporaneous time records, affidavits, and other materials." McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension, 450 F.3d 91, 96 (2d Cir. 2006) (citations omitted). A "reasonable hourly rate" is a rate consistent with "the rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience and reputation," id. (citation omitted), and the prevailing community is the district in which the district court sits. Id.

Here, Plaintiffs' counsel seeks attorneys' fees and costs in the amount of $41,882.75. This figure includes: 94.80[1] hours at $400.00 per hour for Daniel E. Clifton; 9.75 hours at $350.00 per hour for Louie Nikolaidis; and costs in the amount of $550.25. (Declaration of Daniel E. Clifton, Jan. 27, 2006, ¶ 7). In support of these figures, Plaintiffs' counsel submitted a computer printout of detailed time records for both Clifton and Nikolaidis. Clifton Decl. Ex. E. These records indicate the date work was performed, the number of hours spent on that work, and the nature of the work performed. Id. Counsel also submitted Daniel Clifton's Declaration, along with other supporting material, including prior cases where both Clifton and Nikolaidis were awarded attorneys' fees. See Clifton Decl. ¶¶ C & D.

This Court has reviewed the time records and the other supporting material and finds that the time billed by Clifton was "reasonably expended" and not "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). With respect to

---

[1] Magistrate Judge Pitman calculated the attorneys' fee award using 103.4 hours worked for Daniel Clifton. But Plaintiffs only seek attorneys' fees for 94.8 hours of Clifton's time, and the time records submitted by Plaintiffs indicates that Clifton worked 94.8 hours on this matter. Thus, this Court will determine the appropriate fee award using 94.8 hours for Clifton's time.

8

Nikolaidis, Magistrate Judge Pitman found that the 4.5 hours Nikolaidis billed for attending the preliminary injunction hearing should be reduced to 2.25 because any assistance he provided Mr. Clifton during the argument could have been provided by a more junior attorney. This Court agrees with that determination and will therefore reduce Mr. Nikolaidis's hours from 9.75 to 7.5. Mr. Nikolaidis's hours are otherwise reasonable.

Moreover, the hourly rates requested by both Clifton and Nikolaidis are reasonable. The rate of $400.00 per hour requested by Clifton is reasonable in light of his vast experience and the leading role he played in litigating this matter. $400.00 is also commensurate with the rates of other attorneys in this district with Mr. Clifton's level of expertise and experience. The $350 per hour rate requested by Nikolaidis is also reasonable. An hourly rate of $350 is reasonable and is consistent with the rates prevailing in this district for attorneys with Nikolaidis's experience with, and knowledge of, labor disputes.

Defendants contend that any lodestar amount should be substantially decreased because Plaintiffs achieved only limited success in this litigation and failed to prevail on the LMRDA claim. This argument is easily dismissed. Plaintiffs' successfully won a preliminary injunction restoring Stokely to her elected office. After her term ended a few months later, further injunctive relief was moot and Stokely withdrew her claim for damages. This in no way equates to "limited success"; rather, Plaintiffs were fully successful in seeking Stokely's reinstatement, which was the only relief requested at that time. Moreover, because the Court found that Defendants violated the DC 1707 Constitution warranting Stokely's reinstatement, it was unnecessary for the Court to reach the LMRDA issue. Thus, even though the LMRDA issue was never litigated, it cannot be said that Plaintiffs failed to prevail.

Therefore, using the lodestar method, Plaintiffs are entitled to recover $39,985.00 in attorneys' fees. This figure consists of 94.8 hours at a rate of $400 per hour for Clifton and 7.5 hours at a rate of $350 per hour for Nikolaidis. In addition, Plaintiffs are awarded $550.25 in costs, making the total award $40,535.25.

## CONCLUSION

The Court adopts Magistrate Judge Pitman's recommendation that attorney's fees and costs be awarded. Plaintiffs' application for attorneys' fees and costs is GRANTED in the amount of **$40,535.25.**

Dated:  New York, New York
        September 28, 2006                    SO ORDERED:

                                              *[signature]*
                                              GEORGE B. DANIELS
                                              United States District Judge

10